IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:05cv216

| | |
|---|---|
| DOROTHY DODD, )<br>)<br>Plaintiff, )<br>)<br>Vs. )<br>)<br>AUTOMOBILE INSURANCE COMPANY )<br>OF HARTFORD, d/b/a TRAVELERS, )<br>)<br>Defendant. )<br>_____ ) | MEMORANDUM AND<br>RECOMMENDATION |

**THIS MATTER** is before the court on defendant's Motion to Dismiss (#25). Plaintiff filed its Memorandum of Law in Opposition (#26) on May 8, 2006, making defendant's reply, if any, due May 18, 2006.[1] Having carefully considered defendant's motion and plaintiff's response, and reviewed plaintiff's Amended Complaint, the undersigned respectfully enters the following findings, conclusions, and recommendation.

**FINDINGS AND CONCLUSIONS**

**I.    Background**

In this action, plaintiff contends that at times relevant to this action she owned a residence in the Peeks Creek community of Franklin, North Carolina. Amended Complaint, at ¶ 3. On September 16, 2004, she contends, her residence was damaged due to a "debris flow," and that she later filed a claim for such damage with her

---

[1] In accordance with Local Rule 7.1B, defendant was obligated to either file such a reply or a written notification that it would not file a reply by such date, neither of which was done in this case.

-1-

insurer, defendant herein. Id., at ¶ 6. Plaintiff alleges that defendant denied her claim under the policy despite being "covered by the Policy and . . . not otherwise excluded from coverage." Id., at 8.

## II.  Defendant's Motion to Dismiss

Defendant has moved to dismiss the complaint, arguing under Rule 12(b)(6), Federal Rules of Civil Procedure, that plaintiff has failed to state a claim upon which relief can be granted. In support of its argument that plaintiff has failed to state a claim, defendant cites language in the policy (which is attached to the Amended Complaint), which provides that it does not provide coverage for "loss caused directly or indirectly" and "regardless of any other cause or event contributing concurrently or in any sequence" by "mudflow," "flood," or "overflow of a body of water." Defendant's Brief, at 2 (citing Policy as found at Am.Compl. , Ex. A., at 8.)

Defendant contends that when the court compares the allegations in the Amended Complaint with the Policy, the complaint "fail[s] to establish that coverage exists" and that "coverage was properly denied because the loss causing events were expressly excluded from the policy's plain language." Defendant's Brief, at 4. Defendant argues that the term "debris flow" falls within the plain and ordinary meaning of "mudflow," which is specifically excluded from coverage. Id. While admitting that no North Carolina decision exists that addresses the issue, defendant cites the court to a decision of the Court of Appeals for the Ninth Circuit finding that debris flows and mud flows are indistinguishable for purposes of policy coverage. McHugh v. United Service Auto. Ass'n,164 F.3d 451 (9th Cir. 1999).

In her response, plaintiff argues that it is inappropriate to decide whether a debris flow is the equivalent of a mudflow under Rule 12(b)(6). Specifically, plaintiff argues that it is inappropriate for the court to compare the allegations of the Amended Complaint with the policy except upon a motion for summary judgment. Plaintiff's Brief, at 2.[2]

### III. Rule 12(b)(6) Standard

Where a defendant contends that a plaintiff has failed to state a cognizable claim, Rule 12(b)(6) authorizes dismissal based on a dispositive issue of law. Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 1832 (1989); Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957). As the Court discussed in Neitzke:

> This procedure [for dismissal], operating on the assumption that the factual allegations in the complaint are true, streamlines litigation by dispensing with needless discovery and fact finding. Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law "it is clear that no relief could be granted under any set of facts . . . a claim must be dismissed, without regard to whether it is based on outlandish legal theory . . . . What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations."

Id., at 1832 (citation omitted). Dismissal of a complaint is proper under Rule 12(b)(6)

---

[2] Plaintiff also argues that defendant has improperly interjected "extraneous matter," but fails to define what is the "extraneous matter." The court will assume that plaintiff means defendant's reference to the Policy of insurance; however, such is not extraneous as it was attached by plaintiff to her Amended Complaint.

where it is clear that no set of facts consistent with the allegations in the plaintiffs' complaint could support the asserted claim for relief. Taubman Realty Group LLP v. Mineta, 320 F. 3d 475, 479 (4th Cir. 2003); Migdal v. Rowe Price-Fleming Intl Inc., 248 F. 3d 321, 325-36 (4th Cir. 2001).

While the court accepts factual allegations in the complaint as true and considers the facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

> The presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion. And although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant. This requirement serves to prevent costly discovery on claims with no underlying factual or legal basis.

Migdal, at 326 (citations and internal quotations omitted). In addition, a court cannot "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Venev v. Wyche, 293 F. 3d 726, 730 (4th Cir. 2002) (citations and internal quotations omitted). For the limited purpose of ruling on defendant's motion, the court has accepted as true the facts alleged by plaintiff in the complaint and will view them in a light most favorable to plaintiff.

## IV. Discussion

The North Carolina courts are clear on how policies of insurance are to be interpreted:

> The various terms of an insurance policy are to be harmoniously construed, and if possible, every word and every provision is to be given effect.
>
> Where the language of a contract is plain and unambiguous, construction of the agreement is a matter of law; and the court may not ignore or delete any of its provisions, nor insert words into it, but must construe the contract as written, in light of the undisputed evidence as to the custom, usage and meaning of its terms.

DeMent v. Nationwide Mut. Ins. Co., 142 N.C.App. 598, 601 (2001) (citations omitted).

In moving to dismiss under Rule 12(b)(6), defendant argues that "debris flow" is the equivalent of excluded "mudflow," requiring dismissal of plaintiff's Amended Complaint as a matter of law. In McHugh, the only case coming close to dealing with this issue, the Court of Appeals for the Ninth Circuit found, as follows:

> It is a fundamental principle that unless the contract terms are specifically different than the common usage of the terms, that the common usage of the terms will be adopted. For example, under the SFIP, a "landslide" as opposed to a mudflow is excluded from coverage. Yet the term landslide is not otherwise defined in the policy. Webster's dictionary defines a landslide as "the rapid downward movement under the influence of gravity of a mass of rock, earth, or artificial fill on a slope." Webster's Third New International Dictionary 1269 (1981).
> However, the fundamental question involved here is not so much the interpretation of the exclusionary clause but whether a mudflow occurred and was the proximate cause of the damage to the house. The definition of "mudflow" as set forth in the policy and regulation is reinforced by the common usage of that term. According to Webster's *Ninth New Collegiate Dictionary* 778 (1984), "mudflow" is defined as "a moving mass of soil made fluid by rain or melting snow." We find nothing in the policy itself or in the regulations which defines "mudflow" any differently than the common usage of the term. Under the common usage, the "saturated soil mass" that destroyed the McHughs' house was a mudslide.

McHugh, supra, at 455.

In this case, the court is without knowledge of what a "debris flow" is or what plaintiff means by her use of that term. If plaintiff means that her home was destroyed by flotsam and jetsam carried by flood waters (such as trees, logs, bolders, and items of personalty such as vehicles) as opposed to flood waters themselves, it would appear that a question about coverage under the policy could exist. The policy excludes "loss caused directly or indirectly" by "flood" and is excluded "regardless of any other cause of event contributing concurrently or in any sequence to the loss." Policy, at 8. If the house was destroyed by trees, logs, vehicles or other items propelled by the flow of water or floating on a flow of water then coverage might or might not apply. A question of coverage arises if the facts show that trees, logs, vehicles or other items were propelled by a flow of water or landslide which failed to reach the plaintiff's home leaving the "debris flow" to travel on destroying the plaintiffs' home. The plaintiff's use of the terms "debris flow" may also mean a set of circumstances which show that her home was destroyed by a flow of debris, that was not propelled by water, and that did not amount to a landslide. There are any number of factual circumstances that can be envisioned but until those facts are produced by way of admissible evidence a fair and just decision cannot be made.

Determining what plaintiff means and what actually happened to plaintiff's home is precisely what discovery is for, and the undersigned cannot find from Complaint that plaintiff "has failed to state a claim" inasmuch as she has alleged that there was a contract of insurance, that she made a claim, and that such claim was

improperly denied. In moving to dismiss under Rule 12(b)(6), plaintiff's allegations of fact must be accepted as true, and her key contention is that he home was damaged by a "debris flow." Taken as true, a reasonable inference which arises from such allegation is that a "debris flow" is something other than a flood, mudslide, or landslide. Evidence as to how plaintiff's home was damaged is not contained in the pleadings now before the court, and until that occurs, the court is unable to declare whether plaintiff's claim was properly denied. Put another way, it does not matter what label plaintiff puts on the event that caused damage to her home, instead, what matters is what actually occurred.

Even if plaintiff had labeled the event something other than a "debris flow" or given it no label at all, plaintiff has in fact stated a claim inasmuch as she alleged each element of a claim for breach of a contract of insurance. "The elements of a claim for breach of contract are (1) existence of a valid contract and (2) breach of the terms of that contract." Poor v. Hill, 138 N.C.App. 19, 26 (2000) (citation omitted). The North Carolina Court of Appeals has, in the context of a breach of a contract of insurance, gone on to hold that "where the complaint alleges each of these elements, it is error to dismiss a breach of contract claim under Rule 12(b)(6)." Woolard v. Davenport, 166 N.C.App. 129, 134 (N.C.App. 2004). In determining whether to grant a Rule 12(b)(6) motion in such context, the Woolard court held that a court should "discern [whether] any fact disclosed on the face of the complaint or the documents attached thereto . . . necessarily defeats plaintiff's claim for breach of contract." Id., at 134. In this case, the court has before it plaintiff's Amended

Complaint and the Policy, which was attached to the Complaint. For the reasons discussed above, the allegation of "debris flow" does not, without more, equate with the terms "landslide, mudflow, or flood," and its use does not in and of itself defeat plaintiff's claim under Rule 12(b)(6) review.

## RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that defendant's Motion to Dismiss (#25) be **DENIED.**

Signed: June 12, 2006

Dennis L. Howell
United States Magistrate Judge

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. Failure to file objections to this Memorandum and Recommendation with

the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).