**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**BRYSON CITY DIVISION**
**Consolidated Cases**
**2:05cv216**
**[Consolidating 2:05cv216; 2:05cv217; 2:05cv218]**

| | | |
|---|---|---|
| **DOROTHY DODD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| Vs. | ) | **2:05cv216** |
| | ) | |
| **AUTOMOBILE INSURANCE COMPANY** | ) | |
| **OF HARTFORD, d/b/a TRAVELERS,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |
| | ) | |
| **MURIEL DANTZLER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| Vs. | ) | **2:05cv217** |
| | ) | |
| **STATE FARM FIRE AND CASUALTY** | ) | |
| **COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |
| | ) | |
| **JO TREADWELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| Vs. | ) | **2:05cv218** |
| | ) | |
| **STATE FARM FIRE AND CASUALTY** | ) | |
| **COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## <u>ORDER</u>

**THIS MATTER** is before the court on the following motions:

(1)    in 2:05cv216, Plaintiff Dodd's Third Motion to Amend/Correct Complaint

–1–

(#43), Plaintiff Dodd's First Motion for Summary Judgment (#45), Defendant Automobile Insurance Company of Hartford's Motion for Summary Judgment (#47), and Defendant Automobile Insurance Company of Hartford's Motion to Strike (#52);

(2)     in 2:05cv217, Plaintiff Dantzler's Third Motion to Amend/Correct Complaint (#32) and

First Motion for Summary Judgment (#33); and

(3)     in 2:05cv218, Plaintiff Treadwell's Third Motion to Amend/Correct Complaint (#31) and First Motion for Summary Judgment (#32).

It appearing that the briefing periods have ended on such motions, the court will set such motions for hearing on November 17, 2006, at 2 p.m.

Prior to setting such motions for hearing, the court has read all the pleadings and affidavits and it appears that this case grows more complex as time passes. In the original complaint and in the amended complaint the plaintiff's contend that the damage to their dwellings was caused by a "debris flow." In the Motion to Dismiss in Dodd the defendant contended that the "debris flow" was caused by a "mud flow" which was a cause of damage excluded from insurance coverage under the terms of the policy. Now that defendant contends in its motion for summary judgment that the phrase "debris flow" is a subcategory of the broader term "landslide" which that defendant contends is still an excluded event for coverage under the policy. On the other hand, the plaintiff in Dodd has now presented affidavits from persons who were actually present at the scene of the catastrophe at Peeks Creek which state that a tornado occurred in the Peeks Creek community on the night in question and that the tornado caused the "debris flow." To further complicate the matter it has been contended that a expert witness hired by the plaintiff does not support that theory

of causation.   In addition to the factual tensions, there exist legal issues as to the language of the policies and application of whatever facts are found to the court's determination of what are the terms of the policy.  Beyond the legal wrangling, there are three families in this case whose homes have been utterly destroyed by events beyond their control.

As this court prepares to conduct another hearing and write an extensive second Memorandum and Recommendation on the above pending motions, the undersigned anticipates what could be years of further litigation between these parties.  The appellate process could take substantial time beyond trial and may have nothing to do with the verdict.. It is quite possible that  years from now, we will be right back where we are today, preparing to hear pretrial motions for summary judgment. While a lot of money will have been spent on this litigation, nothing will have been spent on  rebuilding these families' homes.

The court is also aware that the parties have attempted to resolve this litigation in good faith.  The affidavits and other evidentiary material have, however, provided additional insight as to what happened to these homes.  Fortunately, this action is blessed by the presence of some of the finest, most capable lawyers in North Carolina.  With the preceding thoughts in mind, the court will strongly encourage the parties to reconvene their settlement discussions and consider the strengths and weaknesses of  their positions.   At this point, nothing is cut and dried, and prior to further consideration of the dispositive  motions now may be the best opportunity to resolve this action in a fair and equitable manner.  To that end, the court would respectfully ask the parties to return to mediation before the November 17, 2006, hearing, with all sides considering compromise.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the following motions are **CALENDARED**

for oral arguments on November 17, 2006, at 2 p.m.:

(1)    in 2:05cv216, Plaintiff Dodd's Third Motion to Amend/Correct Complaint (#43), Plaintiff Dodd's First Motion for Summary Judgment (#45), Defendant Automobile Insurance Company of Hartford's Motion for Summary Judgment (#47), and Defendant Automobile Insurance Company of Hartford's Motion to Strike (#52);

(2)    in 2:05cv217, Plaintiff Dantzler's Third Motion to Amend/Correct Complaint (#32) and First Motion for Summary Judgment (#33); and

(3)    in 2:05cv218, Plaintiff Treadwell's Third Motion to Amend/Correct Complaint (#31) and First Motion for Summary Judgment (#32).

Signed: October 31, 2006

Dennis L. Howell
United States Magistrate Judge