# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### BRYSON CITY DIVISION

| | | |
|---|---|---|
| DOROTHY DODD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | Civil No. 2:05CV216 |
| | ) | |
| AUTOMOBILE INSURANCE COMPANY OF HARTFORD, d/b/a TRAVELERS, | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| | ) | |
| MURIEL DANTZLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | Civil No. 2:05CV217 |
| | ) | |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| | ) | |
| JO TREADWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | Civil No. 2:05CV218 |
| | ) | |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

**THIS MATTER** is before the Court on the Magistrate Judge's Second Memorandum and Recommendation denying Plaintiffs' motion for summary judgment, Plaintiff Dodd's motion to amend, the motion of Defendant Automobile Insurance Company of Hartford's (Defendant) for summary judgment as to Plaintiff Dorothy Dodd, and Defendant's motion to strike as to Plaintiff Dodd. Additionally, Defendant has filed written objections to the Magistrate Judge's recommendation to deny its motion for summary judgment. The Court will now address each of these matters in turn.

## I. PROCEDURAL HISTORY

Plaintiffs, who are residents of the Peeks Creek community in Franklin, North Carolina, initiated these separate actions against their respective Defendant insurance companies in the General Court of Justice, Superior Court Division of Macon County, North Carolina, to recover money allegedly owed to them under their respective insurance policies for damages suffered to their individual residences on September 16, 2004.

*See* **Complaint of Dorothy Dodd,** *attached to* **Notice of Removal, filed September 13, 2005; Complaint of Muriel Dantzler,** *attached to* **Notice of Removal, filed September 15, 2005; Complaint of Jo Treadwell,** *attached to* **Notice of Removal, filed September 15, 2005.** These cases were removed to this Court and subsequently consolidated for trial, which is currently set to begin on February 20, 2007. *See* **Order, filed November 1, 2006.** As the bulk of this opinion concerns only Plaintiff Dodd and Defendant Automobile Insurance Company of Hartford, the Court will generally refer to these specific parties as "Plaintiff" and "Defendant," and only the facts pertinent to resolution of the present dispute will be recited.

On September 16, 2004, "and for some time prior thereto," Plaintiff Dorothy Dodd owned a residence in the Peeks Creek community of Franklin, North Carolina, which was insured by a Homeowners Insurance Policy ("the insurance policy") purchased by her through Defendant Automobile Insurance Company of Hartford. **Amended Complaint, at 1.** On this same day, Plaintiff alleges her residence was damaged due to a "debris flow," and thereafter filed a claim with Defendant to cover the loss suffered to her residence. *Id.* **at 1-2.** Defendant denied her claim on the

basis that the "claim is not a covered loss under the insurance policy in suit . . . . [and] Plaintiff's claim is excluded from coverage under the insurance policy in suit . . . ." **Answer to Amended Complaint, at 3.**

On August 8, 2005, Plaintiff filed the current action in the state court in Macon County, North Carolina, against Defendant over the amount of money owed under the insurance policy for the damages suffered to her residence. **Dodd Complaint,** *supra.* Defendant subsequently removed the case to this Court. **Dodd Notice of Removal,** *supra.* Discovery was completed on July 15, 2006, with trial currently set to begin on February 20, 2007. **Pretrial Order and Case Management Plan, filed December 1, 2005, at 1; Order, filed January 10, 2007.** In the present dispute, the parties filed four motions which were referred to the Magistrate Judge. *See* **Plaintiffs' Motion for Summary Judgment, filed August 15, 2006; Plaintiff Dodd's Third Motion to Amend Complaint, filed August 11, 2006; Defendant's Motion for Summary Judgment, filed August 16, 2006; Defendant's Motion to Strike, filed September 11, 2006.** The Magistrate Judge recommended all four motions be denied, and Defendant timely filed objections to that portion of the Memorandum and Recommendation denying its motion for summary judgment. ***See* Second**

**Memorandum and Recommendation, filed December 15, 2006;**

**Defendant's Objections to Second Memorandum and**

**Recommendation, filed January 3, 2007.**  None of the captioned

Plaintiffs filed objections to the Memorandum and Recommendation.

However, Plaintiff Dodd has responded to Defendant's objections, and

Defendant has in turn replied to Plaintiff's response.  ***See* Plaintiff's**

**Response to Defendant's Objections, filed January 15, 2007;**

**Defendant's Reply to Plaintiff's Response to Defendant's Objections,**

**filed January 22, 2007.**

## II.  STANDARD

### A.    *Review of Magistrate Judge's Memorandum and Recommendation*

A party may file written objections to a magistrate judge's

memorandum and recommendation within ten days after being served with

a copy thereof.  **28 U.S.C. § 636(b)(1).**  "Any written objections must

specifically identify the portions of the Report and Recommendation to

which objections are made and the basis for such objections."  ***Thomas v.***

***Westinghouse Savannah River Co.*, 21 F.Supp.2d 551, 560 (D.S.C.**

1997); *see also, Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) ("Parties filing objections must specifically identify those findings objected to."). "Frivolous, conclusive or general objections need not be considered by the district court." *Battle*, 834 F.2d at 421. "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004); *see also Jones v. Hamidullah*, 2005 WL 3298966, at *3 (D.S.C. 2005) (noting a petitioner's objections to a magistrate's report were "on the whole without merit in that they merely rehash [the] general arguments and do not direct the court's attention to any specific portion of the [report]."). General or conclusive objections result not only in the loss of *de novo* review by the district court, but also in waiver of appellate review. *Tyler v. Beinor*, 81 F. App'x 445, 446 (4th Cir. 2003); *United States v. Woods*, 64 F. App'x 398, 399 (4th Cir. 2003). If proper objections are made, a district court will

review the objections under a *de novo* standard.  **28 U.S.C. § 636(b)(1)**.

Where no objection is made, however, the Court need "'only satisfy itself

that there is no clear error on the face of the record in order to accept the

recommendation.'"  ***Diamond v. Colonial Life & Accident Ins. Co.*, 416**

**F.3d 310, 315 (4ᵗʰ Cir. 2005),** ***cert. denied*, 126 S. Ct. 1033 (2006)**

**(quoting Fed. R. Civ. P. 72, Advisory Committee note).**


**B.     *Summary Judgment***

A motion for summary judgment "shall be rendered . . . if the

pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no genuine issue as to

any material fact and that the moving party is entitled to a judgment as a

matter of law."  **Fed. R. Civ. P. 56(c).**  "Summary judgment is proper

'unless there is sufficient evidence favoring the nonmoving party for a jury

to return a verdict for that party.  If the evidence is merely colorable, or is

not significantly probative, summary judgment may be granted.'"  ***Res.***

***Bankshares Corp. v. St. Paul Mercury Ins. Co.*, 407 F.3d 631, 635 (4ᵗʰ**

**Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249**

**(1986)).**  A party opposing a motion for summary judgment "may not rest

upon the mere allegations or denials of the . . . pleading[s], but [must] . . ., by affidavits or as otherwise provided in [Rule 56], . . . set forth specific facts showing that there is a genuine issue for trial." **Fed. R. Civ. P. 56(e).** Moreover, in considering the facts for the purposes of this motion, the Court will view the pleadings and material presented in the light most favorable to the nonmoving party. ***Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).**

### III. ANALYSIS

The Magistrate Judge's Second Memorandum and Recommendation addresses, (1) Plaintiff's motion to amend complaint; (2) Plaintiff Dodd's motion for summary judgment; (3) Defendant's motion for summary judgment against Plaintiff Dodd; and (4) Defendant's motion to strike the affidavits submitted by Plaintiff Dodd. ***See* Second Memorandum and Recommendation, at 4-15.** Neither party has filed specific objections to the Magistrate Judge's recommendations denying Plaintiffs' motion for summary judgment, Plaintiff Dodd's motion to amend, or Defendant's motion to strike. Therefore, this Court need "'only satisfy itself that there is no clear error on the face of the record in order to accept the

recommendation.'" ***Diamond*, 416 F.3d at 315.** After a thorough review of the record and the Magistrate Judge's conclusions, the Court hereby adopts the Magistrate Judge's recommendations to deny Plaintiffs' motion for summary judgment, Plaintiff Dodd's motion to amend, and Defendant's motion to strike. ***See* Second Memorandum and Recommendation, at 4-8, 13-15.** Defendant has, however, filed specific objections to the portion of the recommendation denying its motion for summary judgment against Plaintiff Dodd. ***See* Defendant's Objections, *supra*.** Thus, this Court will conduct a *de novo* review of that portion of the Magistrate Judge's recommendation denying Defendant's motion for summary judgment.

As stated above, Plaintiff Dodd's complaint alleges her residence was damaged by a "debris flow." **Amended Complaint, at 1.** Plaintiff's homeowner's insurance policy through Defendant, with subsequent amendments incorporated, states in pertinent part,

> We [Defendant] do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.
> 
> . . .
> 
> b. Earth Movement, meaning earthquake, including land shock waves or tremors before, during or after a volcanic eruption; *landslide*; mine subsidence; mudflow; earth sinking, rising or shifting; unless direct loss by:
> (1) Fire; or

(2) Explosion;

. . .

ensues and then we will pay only for the ensuing loss.

This exclusion does not apply to loss by theft.

**Exhibit A, Insurance Policy,** *attached to* **Amended Complaint, at 8 (emphasis added); Exhibit A, Insurance Policy Endorsements,** *attached to* **Defendant's Response in Opposition of Plaintiff's Motion for Summary Judgment, filed August 29, 2006, at 5.** Defendant, relying on the premise that "debris flow" is synonymous with "landslide,"[1] moved for summary judgment on the basis that the insurance policy clearly excludes from coverage damage caused by landslides. Defendant argues that because the Plaintiff has failed to produce any evidence demonstrating the damage to her residence was caused by something other than a "debris flow" or a "landslide," there remains no genuine issues

---

[1] As noted in the Magistrate Judge's recommendation, expert testimony has concluded the terms "debris flow" and "landslide" are generally synonymous, or that "debris flow" is merely a subcategory of "landslide." *See* **Second Memorandum and Recommendation, at 9; Exhibit B, Deposition of Richard Wooten,** *attached to* **Defendant's Reply Brief in Support of Defendant's Motion for Summary Judgment, filed September 11, 2006, at 3; Exhibit C, Deposition of Richard Wells,** *attached to* **Defendant's Reply Brief, at 5-6; Exhibit D, Affidavit of Steve Mason,** *attached to* **Defendant's Brief in Support of Motion for Summary Judgment, filed August 16, 2006, at 3.**

of material fact for trial. **Defendant's Brief in Support of Motion for Summary Judgment, filed August 16, 2006, at 4-13.** Defendant has submitted deposition testimony and affidavits from expert witnesses who state their beliefs that the damage caused to Plaintiff's residence was either solely or predominantly the result of a rain-induced landslide or "debris flow." [2] ***See id.* at 2, 11-13 (citing Exhibit B, Deposition of Richard Wooten, *attached to* Defendant's Reply Brief in Support of Defendant's Motion for Summary Judgment, filed September 11, 2006, at 3; Exhibit C, Deposition of Richard Wells, *attached to* Defendant's Reply Brief, at 5-6; Exhibit D, Affidavit of Steve Mason, *attached to* Defendant's Brief in Support of Motion for Summary Judgment, filed August 16, 2006, at 3).**

---

[2] In regards to application of the insurance policy's exclusionary clause, Defendant asserted "if the policy in question contains an exclusion for a loss from a specific cause, the court must determine whether it was that cause, or some other event, that is the dominant and efficient cause of the loss, in order to determine whether coverage exists." **Defendant's Brief in Support of Motion for Summary Judgment, filed August 16, 2006, at 10 (citing *Wood v. Michigan Millers Mutual Fire Ins. Co.*, 245 N.C. 383, 385, 96 S.E.2d 28, 30 (1957)).** As this Court will discuss, Defendant's proposed theory on insurance policy exclusionary clauses is incorrect. ***See* note 3, *infra*.**

The Magistrate Judge recommended the Defendant's motion for summary judgment be denied because there remains a genuine issue of material fact for resolution by a jury based upon the evidence Plaintiff presented to the Court – consisting mainly of affidavits from residents of the Peeks Creek community who assert there were strong and possibly tornadic winds in the area on the night in question which may have contributed to or been the sole cause of damage to Plaintiff's residence. **Second Memorandum and Recommendation, at 9-13.** Defendant objects to this finding on the grounds that the evidence presented by Plaintiff was, at best, merely circumstantial and speculative. Defendant argues that Plaintiff has failed to provide any direct evidence regarding the extent of damage caused to her residence by the alleged high winds, whereas Defendant has provided the Court with expert testimony concluding Plaintiff's house was damaged by a rain-induced landslide, and therefore, Plaintiff's damage is specifically excluded under the insurance policy and she cannot recover damages as a matter of law. **Defendant's Brief in Support of Objections to Second Memorandum and Recommendation, at 5-14.** Furthermore, Defendant notes that Plaintiff failed to state in her complaint that the damage to her residence may have

been caused by strong winds, therefore, she is prohibited from creating a new theory of damage to survive summary judgment. *Id.* **at 14-15.**

The North Carolina Supreme Court has clearly stated, "when construing the exclusion provision of [a] homeowners policy we are guided by the rule that *provisions which exclude liability of insurance companies are not favored and therefore all ambiguous provisions will be construed against the insurer and in favor of the insured.*" ***State Capital Ins. Co. v. Nationwide Mut. Ins. Co.*, 318 N.C. 534, 538, 350 S.E.2d 66, 68 (1986) (emphasis added) (citing *Wachovia Bank & Trust Co. v. Westchester Fire Ins. Co.*, 276 N.C. 348, 172 S.E.2d 518 (1970)).** Furthermore, the prevailing view on insurance policy exclusionary clauses in North Carolina is that, "[a]s a general rule, coverage will extend when damage results from more than one cause even though one of the causes is specifically excluded." ***Avis v. Hartford Fire Ins. Co.*, 283 N.C. 142, 150, 195 S.E.2d 545, 549 (1973).** Said another way, "the sources of liability which are excluded from homeowners policy coverage must be the *sole cause* of the injury in order to exclude coverage under the policy." ***State Capital Ins.*, 318 N.C. at 546, 350 S.E.2d at 73 (emphasis added). *See also Builders***

*Mut. Ins. Co. v. North Main Const., Ltd.*, __ N.C. __, __, 637 S.E.2d 528,

530 (2006) (quoting *Avis, supra*; *State Capital Ins., supra*).[3]

Therefore, for Defendant to exclude Plaintiff's damage from the

insurance policy's coverage under North Carolina law, it must be shown

that the damage to Plaintiff's residence occurred *solely* as a result of a

landslide, which is specifically excluded under the policy.  In the context of

---

[3] As a matter of clarification, the Court notes Defendant is incorrect in its theory that the event causing damage must be the "dominant and efficient cause of loss" for the loss to be excluded from coverage under an insurance policy.  **Defendant's Brief in Support of Motion for Summary Judgment, at 10 (citing *Wood v. Michigan Millers Mut. Fire Ins. Co.*, 245 N.C. 383, 385, 96 S.E.2d 28, 30 (1957)); Defendant's Reply to Plaintiff's Response to Defendant's Objections, at 2-4.**  Although the North Carolina Supreme Court's decision in *Wood*, which Defendant's argument primarily rests upon, has not been specifically overruled, it has not been cited by the North Carolina Supreme Court since 1967.  ***See State v. Jarrett*, 271 N.C. 576, 578, 157 S.E.2d 4, 6 (1967).**  Furthermore, the Fourth Circuit case law Defendant also relies upon originates from Maryland and, since its publication, has never been cited again by the Fourth Circuit nor any court in North Carolina.  ***See Goodman v. Fireman's Fund Ins. Co.*, 600 F.2d 1040, 1042 (4th Cir. 1979).**  Instead, this Court will follow the prevailing view stated in *Avis* and *State Capital Insurance* and cited as recently as December 2006 by the North Carolina Supreme Court, which provides "'[a]s a general rule, coverage will extend when damage results from more than one cause even though one of the causes is specifically excluded,' but if an excluded source of liability is the 'sole cause of the injury,' then the policy does not provide coverage[.]" **Builders Mut. Ins.*, 637 S.E.2d at 530 (quoting *Avis*, 283 N.C. at 150, 195 S.E.2d at 549; *State Capital Ins.*, 318 N.C. at 546, 350 S.E.2d at 73).**

the present case, to prevail on its current motion for summary judgment,

Defendant must convince the Court that Plaintiff's evidence is insufficient in

establishing the allegation that strong, tornadic winds had *any* part in the

eventual damage caused to Plaintiff's residence.  If, however, Plaintiff

demonstrates that another element or event which is covered under the

policy – namely, strong winds – contributed to the damage caused to her

residence, either in addition to or independent of the alleged landslide,

Plaintiff will be covered under the policy.

After conducting a *de novo* review of the record and evidence

submitted at this point in the litigation, the undersigned finds that there is a

genuine issue of material fact as to the exact causation of Plaintiff's

damages.  Though the Court recognizes that Plaintiff does not specifically

state in her complaint that the alleged damages to her residence occurred

as a result of strong or tornadic winds,[4] and that any damage allegedly

resulting from the strong winds is merely circumstantial and speculative to

---

[4] In fact, Plaintiff does not refer to this crucial element of her claim until the recent submission of her brief opposing Defendant's motion for summary judgment and affidavits from community members describing the strong winds on the night in question.  ***See* Plaintiff's Response to Defendant's Motion for Summary Judgment and attachments thereto, filed August 31, 2006.**

some degree, the Court finds the evidence presented by the affidavits from Plaintiff's neighbors describing incredibly violent and possibly tornadic winds presents an issue to the Court that, if proven true, could provide the essential determination for resolution of this case.  Considering the proximity of the affiants and their experiences to Plaintiff's residence and the nature of the catastrophic weather event that allegedly occurred, the evidence is incredibly relevant and a reasonable juror could find that the strong winds did play a part in damaging Plaintiff's residence.  Simply put: though the pleadings and causal relationship between the event and the alleged damage may not be as clearly plead as a court may hope for, the Court cannot turn a blind eye to material evidence which could change the outcome of a case.  ***See JKC Holding Co. LLC v. Washington Sports Ventures, Inc.***, **264 F.3d 459, 465 (4th Cir. 2001) ("The existence of an alleged factual dispute between the parties will not defeat a properly supported motion for summary judgment, *unless the disputed fact is one that might affect the outcome of the litigation.*") (emphasis added).**

Furthermore, Plaintiff's use of the term "debris flow" in her complaint does not limit her ability to offer theories of causation of damages in the

way Defendant asserts.  While Defendant's experts have consistently stated a "debris flow" is a form of landslide, Plaintiff is not qualified as an expert and cannot be assumed to have used the term in the same manner as Defendant's experts.  Instead, Plaintiff's use of the broad term "debris flow" allows her to introduce theories as to what caused or contributed to the alleged "debris flow," such as strong winds.  As stated above, if Plaintiff proves her residence was damaged by both a covered and excluded event, North Carolina law requires the Court to interpret the insurance policy in favor of coverage for the insured.  Thus, the existence of a covered event, such as strong and possibly tornadic winds, is an essential inquiry present and relevant at all times to resolution of this matter, whether it was or was not specifically plead in Plaintiff's complaint.

Therefore, because the parties have provided the Court with two reasonable explanations of what caused Plaintiff's damage, the Court finds there exists a genuine issue of material fact to be resolved by a jury. Rather than evaluate the credibility of Defendant's submitted expert testimony and Plaintiff's lay eyewitnesses, as Defendant essentially asks this Court to do in its motion for summary judgment, the matter of causation of damages is best left to a jury.  Accordingly, the only matter to

be submitted for trial is the causation of damages to Plaintiff's residence. Because the insurance policy is unambiguous, the Court will determine the extent of coverage, if any, based upon the jury's determination of causation of damages.

Though the insurance policy is unambiguous in its terms, at this time the Court also notes that a provision in the insurance policy cannot be given effect under North Carolina law. "Section I – Exclusions" of the insurance policy provides, "[Defendant does] not insure for loss caused directly or indirectly by any of the following. *Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.*" **Exhibit A, Insurance Policy, *attached to Amended Complaint, at 8 (emphasis added).** However, as stated above, Defendant is operating under the incorrect theory that if the "dominant" cause of damages is excluded under an insurance policy, the insured cannot recover. Instead, the correct and prevailing view in North Carolina is that "'[a]s a general rule, coverage will extend when damage results from more than one cause even though one of the causes is specifically excluded,' but if an excluded source of liability is the 'sole cause of the injury,' then the policy does not provide coverage[.]" ***Builders***

**Mut. Ins.**, 637 S.E.2d at 530 (quoting **Avis**, 283 N.C. at 150, 195 S.E.2d at 549; **State Capital Ins.**, 318 N.C. at 546, 350 S.E.2d at 73); **see also note 3, supra.**  Thus, if an event covered by an insurance policy occurs and causes damage in addition to the damage caused by an event excluded by the insurance policy, the Court will interpret the policy in favor of the insured and coverage will be extended.  Additionally, it is well settled that "[a]n insurance policy is a contract between the parties, and the intention of the parties is the controlling guide in its interpretation.  It is to be construed and enforced in accordance with its terms *insofar as they are not in conflict with pertinent statutes and court decisions*."  **Hawley v. Indemnity Ins. Co. of North America**, 257 N.C. 381, 387, 126 S.E.2d 161, 167 (1962); **see Rose Hill Poultry Corp. v. American Mut. Ins. Co., Inc.**, 34 N.C. App. 224, 226, 237 S.E.2d 564, 566 (1977) (citing **Hawley, supra**).

Considering North Carolina's prevailing method of interpreting insurance policy exclusion clauses, Defendant's provision stating "[s]uch loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss" must not be given effect as it contradicts North Carolina law.  Specifically, Defendant's aforementioned

provision negates North Carolina law by excluding from its policy any damage resulting from a landslide occurring concurrently or in any sequence with strong and possibly tornadic winds. This is clearly not permitted under current North Carolina law. If, at trial, the jury finds Plaintiff's residence was damaged as a result of both strong and possibly tornadic winds, in addition to or exclusive of the alleged landslide proposed by Defendant, Plaintiff's damages must be covered under terms of the policy and in accordance with North Carolina law. Therefore, this particular provision of the insurance policy which purports to disregard damage-causing events covered by the policy occurring in some sequence with damage-causing events excluded by the policy will not be given effect.

To summarize, the Court hereby adopts the Magistrate Judge's recommendations denying Plaintiffs' motion for summary judgment, Plaintiff Dodd's motion to amend, and Defendant's motion to strike. Additionally, after conducting a *de novo* review, Defendant's motion for summary judgment is denied. This particular case shall proceed to trial on the sole issue of causation of damages to Plaintiff's residence. Based upon the jury's determination at trial, the parties will be permitted to file any necessary motions for final resolution of the remaining issues – namely,

the extent of coverage afforded to Plaintiff under the unambiguous insurance policy – which the Court will then decide as a matter of law. Finally, the provision in the policy which states, "[s]uch loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss" will not be given effect as it contradicts current North Carolina law.  Because this provision is found in each of the insurance policies at issue in the three consolidated cases, the Court will *sua sponte* apply its order rendering this particular provision unenforceable to the policies held by Plaintiffs Muriel Dantzler and Jo Treadwell.

Finally, the Court, *sua sponte*, takes judicial notice of the apparent clerical error contained in the Plaintiffs' individual amended complaints which states the damages sought are in excess of $10,000.  ***See* Dodd Amended Complaint, at 2; Dantzler Amended Complaint, at 2; Treadwell Amended Complaint, at 2.**  While Defendants assert in their notices of removal that the damages alleged in this dispute are in excess of $75,000, giving this Court jurisdiction under 28 U.S.C. § 1332 due to diversity of the parties, Plaintiffs have failed to correct their alleged damages in their amended complaints submitted after removal to this Court.  As no party has brought this error to the Court's attention, the Court

assumes the error is clerical and the damages sought in each case are, in fact, in excess of $75,000.  If the damages sought are less than or equal to $75,000, the parties are required to alert the Court of such a fact immediately for appropriate disposition.


## IV.  ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiffs' motion for summary judgment is **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff Dodd's motion to amend is **DENIED**;

**IT IS FURTHER ORDERED** that the motion of Defendant Automobile Insurance Company of Hartford's for summary judgment and motion to strike are **DENIED**;

**IT IS FURTHER ORDERED** that the language  "[s]uch loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss" contained in the insurance policies is unenforceable as a matter of law;

**IT IS FURTHER ORDERED** that Plaintiffs' amended complaints, which state damages in the amount "in excess of $10,000," contain a

clerical error in the amount of money damages alleged.  Accordingly, the Court takes judicial notice that the amount of damages alleged is, in fact, in excess of $75,000 and thus the Court retains jurisdiction over the individual cases.

**IT IS FURTHER ORDERED** that, if the damages sought are less than $75,000, the parties notify the Court immediately.

Signed: January 23, 2007

Lacy H. Thornburg
United States District Judge