**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION**

**CIVIL NO. 2:05CV216**

| | | |
|---|---|---|
| **DOROTHY DODD,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | <u>**O R D E R**</u> |
| | ) | |
| **AUTOMOBILE INSURANCE** | ) | |
| **COMPANY OF HARTFORD,** | ) | |
| **d/b/a TRAVELERS,** | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the motion of Defendant Automobile Insurance Company of Hartford to reconsider this Court's January 24, 2007, Order denying Defendant's motion for summary judgment and striking a particular sentence from Plaintiff's insurance policy. No response from the Plaintiff is required before ruling on this motion.

The factual background of this case has been stated on numerous occasions; such will not be repeated here but is incorporated herein as if fully set forth. ***See* Order, filed January 24, 2007, at 2-5; Second**

**Memorandum and Recommendation, filed December 15, 2006, at 2-3; First Memorandum and Recommendation, filed June 12, 2006, at 1-2.**

Defendant's motion is made pursuant to Rules 7 and 60 of the Federal Rules of Civil Procedure and asserts the Court erred in its January 24, 2007, ruling, which stated, "for Defendant to exclude Plaintiff's damage from the insurance policy's coverage under North Carolina law, it must be shown that the damage to Plaintiff's residence occurred solely as a result of a landslide, which is specifically excluded under the policy." **Order,** *supra*, **at 14.** Furthermore, Defendant claims the Court's order to disregard the provision in the insurance policy which states, "[s]uch loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss" is also incorrect. *Id.* **at 18-21.** The ruling to disregard this provision resulted from the Court's determination that, under North Carolina law, an insurance company may only exclude from coverage a specifically excluded act which was the *sole* proximate cause of the claimed damages; therefore, the Court will address the two claims by Defendant simultaneously.

Defendant relies on the *per curiam* decision by the North Carolina Supreme Court in *Magnolia Mfg. of North Carolina, Inc. v. Erie Ins.*

*Exchange*, issued two days after this Court's Order, which reversed the decision of the North Carolina Court of Appeals "for the reasons stated in the dissenting opinion." **___ N.C. ___, 639 S.E.2d 443 (2007).** *Magnolia* dealt with the granting of summary judgment over an insurance claim for damages resulting from an event which the defendant insurance company claimed was excluded from coverage. **Magnolia, ___ N.C. App. ___, ___, 633 S.E.2d 841, 842-43 (2006).** Additionally, the insurance policy at issue in *Magnolia* contained language similar to the disputed language contained in Plaintiff's insurance policy in this case. *Id.* **at 848-49.** According to Defendant, the dissenting opinion "was adopted by the supreme court," and "specifically approved language in [an insurance] policy that excluded coverage for losses where there may also be contributing, covered causes of the loss." **Defendant's Motion to Reconsider, filed February 19, 2007, at 2.** Therefore, Defendant contends the Supreme Court's "adoption" of this dissenting opinion "contradicts this court's order striking the exclusionary language in the policy" at issue in the present dispute. *Id.*

To begin, the Court notes the chronology associated with the January 24, 2007, Order and Defendant's reliance on *Magnolia*. The North Carolina Court of Appeals, along with the dissenting opinion, released its

published decision in *Magnolia* in September 2006. Three months later, the North Carolina Supreme Court released its opinion in *Builders Mut. Ins. Co. v. North Main Const., Ltd.*, in which it is clearly stated, "'[a]s a general rule, coverage will extend when damage results from more than one cause even though one of the causes is specifically excluded,' but if an excluded source of liability is the 'sole cause of the injury,' then the policy does not provide coverage[.]" **___ N.C. ___, ___, 637 S.E.2d 528, 530 (2006) (quoting *Avis v. Hartford Fire Ins. Co.*, 283 N.C. 142, 150, 195 S.E.2d 545, 549 (1973); *State Capital Ins. Co. v. Nationwide Mut. Ins. Co.*, 318 N.C. 534, 546, 350 S.E.2d 66, 73 (1986)).** The Court based the ruling contained in the January 24, 2007, Order on the language found in *Builders* as well as a number of other cases dating back to 1973 which continue to hold that an insurance policy's exclusionary clause may only be given effect – and coverage, therefore, may be denied – if the excluded cause of the claimed damages is the *sole* proximate cause of such damages. **Order,** *supra,* **at 13-14, n.3.** Finally, the Supreme Court reversed the ruling by the Court of Appeals in *Magnolia* on January 26, 2007, "for the reasons stated in the dissenting opinion." **___ N.C. ___, 639 S.E.2d 443 (2007).**

The unreliable nature of *per curiam* opinions is particularly demonstrated here; the Supreme Court's opinion is silent as to the reasoning used to reverse the Court of Appeals based upon the dissenting opinion of that court. That dissent begins by stating, "[t]he majority's opinion reverses the trial court's grant of summary judgment for defendants and holds plaintiff's allegations presented a genuine issue of material fact." ***Magnolia*, 633 S.E.2d at 847.** Similarly, it concludes, "Plaintiff failed to present any genuine issue of material fact." *Id.* **at 849.** Thus, it appears that the force of the dissenting opinion comes from the belief that the plaintiff in that case failed to carry its burden of establishing a genuine issue of material fact to survive summary judgment. As such, the Supreme Court likely agreed with the dissent's determination that there simply did not exist a genuine issue of material fact for trial.

This conclusion is further supported by a review of the procedures and materials filed with the Supreme Court in the *Magnolia* case. The North Carolina Rules of Appellate Procedure state,

> [w]here the sole ground of the appeal of right is the existence of a dissent in the Court of Appeals, *review by the Supreme Court is limited* to a consideration of those questions which are (1) *specifically set out in the dissenting opinion as the basis for that dissent*, (2) stated in the notice of appeal, and (3) *properly presented in the new briefs* required by Rule 14(d)(1) to be filed

with the Supreme Court. Other questions in the case may properly be presented to the Supreme Court through a petition for discretionary review . . . or by petition for writ of certiorari . . . .

**N.C. R. App. P. 16(b) (emphasis added).** A review of the appellant's brief in *Magnolia* shows that the grounds for appeal to the Supreme Court were whether plaintiff had succeeded in carrying its burden to survive summary judgment. ***See, e.g.,* Brief of Appellant in *Magnolia Mfg. of North Carolina, Inc. v. Erie Ins. Exchange*, 2006 WL 3295643, at \*16 (filed November 1, 2006) ("this Court should hold that Plaintiff has offered no evidence sufficient to raise an issue of fact disputing the trial court's application of the policy to this situation.").** No where in the appellant's brief is the validity of the policy language presently cited by Defendant challenged or submitted as an issue for review by the Supreme Court. Accordingly, under the North Carolina Rules of Appellate Procedure, the Supreme Court was limited in its review of *Magnolia* to addressing whether the case had, to that point, presented a genuine issue of material fact to survive summary judgment.

The Court does recognize that the dissenting opinion appears to indirectly approve of and apply the language of the insurance policy which

is similar to the stricken language contained in the policies at issue here. However, like the appellant's brief to the Supreme Court, the dissenting opinion does not specifically address the validity of such language, and thus Defendant's blind reliance on an indirect result of a dissenting opinion's analysis is not persuasive. Even if the intent of the dissenting judge was to approve of such exclusionary language, such approval would be, as Defendant notes, "new law" in this State. **Defendant's Motion to Reconsider, at 3.** Had the *Magnolia* decision been published after the Supreme Court's decision in *Builders Mut. Ins.*, perhaps the dissenting opinion would have been more explicit in its attitude toward the cited exclusionary language. Regardless, this Court is hard pressed to believe that such a drastic change in North Carolina insurance law would be made by the Supreme Court in a vague *per curiam* opinion.

The Court finds, therefore, that the Supreme Court's *per curiam* decision in *Magnolia* is inherently vague and appears limited to a review of the sufficiency of a factual basis presented to survive summary judgment. Neither the Court of Appeals' dissenting opinion nor the appellant's brief to the Supreme Court in *Magnolia* specifically addressed the validity of the quoted exclusionary language, which would have put the issue before the

Supreme Court for review, but rather focused on the factual requirements to survive a motion for summary judgment and the notion that, in *Magnolia*, the plaintiff failed to carry its burden of proof. Accordingly, this Court finds it inappropriate to rely on the Supreme Court's *per curiam* opinion or the Court of Appeals' dissenting opinion as a basis for a drastic change in North Carolina law. The Court affirms its previous ruling based on the Supreme Court's recent explicit statement of law regarding insurance exclusionary clauses which holds, "'[a]s a general rule, coverage will extend when damage results from more than one cause even though one of the causes is specifically excluded,' but if an excluded source of liability is the 'sole cause of the injury,' then the policy does not provide coverage[.]" **Builders Mut. Ins. Co., supra.**

**IT IS, THEREFORE, ORDERED** that Defendant's motion to reconsider is **DENIED.**

Signed: February 21, 2007

Lacy H. Thornburg
United States District Judge