IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION

CIVIL NO. 2:05CV216

| | | |
|---|---|---|
| DOROTHY DODD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | **O R D E R** |
| | ) | |
| AUTOMOBILE INSURANCE | ) | |
| COMPANY OF HARTFORD, | ) | |
| d/b/a TRAVELERS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Plaintiffs' motions for new trial and relief from judgment and their request for a hearing. All parties have responded to the motions, and the matters are now ripe for ruling.

**I. FACTUAL BACKGROUND**

This Court has previously summarized the factual background of this case on numerous occasions. **See Order, filed January 24, 2007, at 2-5; Second Memorandum and Recommendation, filed December 15, 2006, at 2-3; First Memorandum and Recommendation, filed June 12, 2006,**

**at 1-2.** Accordingly, only the facts pertinent to disposition of the present motions will be recited here, and the Court hereby incorporates its previous factual summations as if fully set forth.

This dispute was presented to a jury on February 26, 2007, on the issue of causation of damages to Plaintiffs' individual residences. On March 6, 2007, the jury returned a verdict against Plaintiffs finding the sole proximate cause of damage to the Plaintiffs' individual residences was a landslide, thereby excluding Defendant insurance companies from liability under Plaintiffs' insurance policies. **Jury Verdict, filed March 6, 2007;** *see generally* **Exhibit A, Insurance Policy,** *attached to* **Amended Complaint of Dorothy Dodd, at 8 (substantially similar exclusion language is found in each Plaintiff's insurance policies).** This Court entered judgment based upon the jury's verdict the following day. **Judgment, filed March 7, 2006.** Plaintiffs have since timely filed a motion for new trial pursuant to Rule 59 and for relief from judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure based upon Defendants' allegedly improper closing arguments and this Court's inaction during closing arguments, to which each Defendant has responded. **Plaintiffs' Memorandum in Support of Motion for New Trial, filed March 16,**

**2007; Defendant State Farm Fire and Casualty Company's Response in Opposition to Plaintiffs' Motion for New Trial, filed March 21, 2007; Defendant Automobile Insurance Company of Hartford's Memorandum in Opposition to Plaintiffs' Motion for New Trial, filed April 2, 2007.** Plaintiffs have also requested a hearing on this matter. **Plaintiffs' Motion for Hearing, filed March 16, 2007.** However, the Court has reviewed the well articulated briefs and attachments submitted by all parties, as well as the transcript of closing arguments held at trial, and believes a hearing is unnecessary for disposition of this matter.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 59 allows the Court to grant a new trial to any or all parties on any or all of the issues. **Fed. R. Civ. P. 59(a);** ***Great Coastal Express, Inc. v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.,*** **511 F.2d 839, 845-46 (4th Cir. 1975).** A new trial may be granted on the motion of a party, or *sua sponte* by the Court. **Fed. R. Civ. P. 59(b), (d).** Where the case was tried to a jury, a new trial shall be granted "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United

States[,]" such as: "(1) intervening changes in the law; (2) new evidence not available at trial; and (3) to correct a clear error of law or prevent a miscarriage of justice." **Fed. R. Civ. P. 59(a);** ***Douglas v. McCarty*, 87 F. App'x 299, 302 (4th Cir. 2003) (citing *EEOC v. Lockheed Martin Corp., Aero & Naval Sys.*, 116 F.3d 110, 112 (4th Cir. 1997))**.

A new trial may also be based upon the sufficiency of the evidence if "'(1) the verdict is against the clear weight of the evidence, or (2) is based upon evidence which is false, or (3) will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict.'" ***Cline v. Wal-Mart Stores, Inc.*, 144 F.3d 294, 301 (4th Cir. 1998) (quoting *Atlas Food Sys. & Servs., Inc. v. Crane Nat'l Vendors, Inc.*, 99 F.3d 587, 594 (4th Cir. 1996))**. In addition, a new trial may be based upon the jury instructions given in the case, but only where such instructions are erroneous and the error "seriously prejudiced" the complaining party's case. ***Hardin v. Ski Venture, Inc.*, 50 F.3d 1291, 1296 (4th Cir. 1995); see also, *Jones v. Griffey*, 104 F. App'x 840, 843 (4th Cir. 2004) (new trial based on erroneous jury instruction is only required where "the error seriously prejudiced the challenging party's case")**. Finally, the granting or denial of a motion for a new trial under

Rule 59(a) "is a matter resting in the sound discretion of the trial judge." ***Wadsworth v. Clindon***, 846 F.2d 265, 266 (4th Cir. 1988) (citing ***Old Dominion Stevedoring Corp. v. Polskie Linie Oceaniczne***, 386 F.2d 193 (4th Cir. 1967)).

Federal Rule of Civil Procedure 60 allows a court to "relieve a party . . . from a final judgment . . . for . . . fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party . . . or . . . any other reason justifying relief from the operation of the judgment." **Fed. R. Civ. P. 60(b)(3), (6).** The Fourth Circuit has "set forth three factors that a moving party must establish to prevail on a Rule 60(b)(3) motion: (1) the moving party must have a meritorious defense; (2) the moving party must prove misconduct by clear and convincing evidence; and (3) the misconduct prevented the moving party from fully presenting its case." ***Schultz v. Butcher***, 24 F.3d 626, 630 (4th Cir. 1994). "After proof of these elements, 'the court must balance the competing policies favoring the finality of judgments and justice being done in view of all the facts, to determine within its discretion, whether relief is appropriate in each case.'" ***Id.*** **(quoting *Square Constr. Co. v. Washington Metro. Area Transit Auth.*, 657 F.2d 68, 71 (4th Cir. 1981)).** As with a motion for new trial, a

motion for relief from judgment under Rule 60 is left to the sound discretion of the court. ***Nat'l Credit Union Admin. Bd. v. Gray***, **1 F.3d 262, 265 (4th Cir. 1993).** Finally, "[n]o error in either the admission or exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is gorund for granting a new trial or for setting aside a verdict . . . unless refusal to take such action appears to the court inconsistent with substantial justice." **Fed. R. Civ. P. 61.**

### III.  ANALYSIS

Plaintiffs base their motions for a new trial and relief from judgment upon the allegedly improper statements made by defense counsel during closing arguments. **Plaintiffs' Memorandum in Support of Motion for New Trial, filed March 16, 2007, at 2.** Specifically, Plaintiffs allege Defendants' counsel attacked the credibility of opposing counsel as well as Plaintiffs' witnesses, and attempted to incite the emotion of the jury to return a verdict in their favor during their respective closing arguments. ***Id.* at 3-6.** Furthermore, Plaintiffs contend the Court's failure to intervene

during Defendants' "grossly improper" closing arguments also warrant a new trial and relief from judgment. *Id.* **at 6-7.**

At the outset, the undersigned notes "[f]ederal law controls federal trial procedure," and thus, "[f]ederal law controls permissible content of closing argument in diversity cases, and federal courts give considerable discretion to the trial court in matters of this sort." **Burrage v. Harrell, 537 F.2d 837, 839 n.1 (5th Cir. 1976); Boardman v. Nat'l Med. Enter., 106 F.3d 840, 844 (8th Cir. 1997).** Accordingly, this Court will rely upon federal law and precedent in evaluating Plaintiffs' motions for new trial and relief from judgment brought under the Federal Rules of Civil Procedure.

Whether a party's closing argument is improper "is fundamentally a matter of the trial court's discretion." **DeBenedetto by DeBenedetto v. Goodyear Tire & Rubber Co., 754 F.2d 512, 519 (4th Cir. 1985).** If a party feels opposing counsel is engaging in improper argument, the Fourth Circuit has held an objection by counsel to the allegedly improper argument is necessary to warrant the consideration of granting a new trial.

> It is the universal rule that during closing argument counsel 'cannot as a rule remain silent, interpose no objections, and after a verdict has been returned seize for the first time on the point that the comments to the jury were improper and prejudicial.' *A motion for a new trial should not be granted,*

> *therefore, where the moving party has failed to timely object to the alleged impropriety giving rise to the motion.* The failure to object at the proper time will be overlooked on appeal only if exceptional circumstances exist such as when the error is so obvious or so serious that the public reputation and integrity of the judicial proceeding is impaired.

***Dennis v. General Elec. Corp.*, 762 F.2d 365, 366-67 (4th Cir. 1985) (internal citations omitted) (emphasis added).** If no objection is made, counsel should, at the very least, request a curative instruction be made by the Court to the jury. ***Mosser v. Fruehauf Corp.*, 940 F.2d 77, 82 (4th Cir. 1991) (noting a trial court's refusal to grant a new trial based upon improper argument by counsel was influenced by a party's failure "to request any other more specific curative instruction.").**

Plaintiffs' counsel did not object during either of Defendants' closing arguments, and now presents this argument for the first time after the Court has entered judgment. After a thorough review of the transcript, the Court sees no reason to deviate from the Fourth Circuit's well established rule against granting new trials for improper arguments when no objections were made during the original trial. Even had Plaintiffs' counsel objected during closing arguments, the Court would not feel compelled to grant a new trial or relieve Plaintiffs from judgment because defense counsels' arguments were not grossly improper. Plaintiffs numerous arguments and

citations to particular sentences and/or phrases uttered by defense counsel at trial stress the "stigma" and "general tenor of the arguments" which arguably led to indirect prejudice exerted upon the jury against Plaintiffs. Such a theory is simply a matter of perspective and not enough to warrant a new trial or relief from judgment in this case under the Federal Rules of Civil Procedure and Fourth Circuit precedent. Plaintiffs have not demonstrated to this Court that defense counsels' arguments were so obviously improper to require the Court's involvement during trial or to warrant a new trial based upon a "miscarriage of justice" under Rule 59. ***Douglas v. McCarty, supra.*** Nor have Plaintiffs convinced the undersigned that they are entitled to relief from judgment under Rule 60 by satisfying the three factors described by the Fourth Circuit in *Schultz*. ***Schultz v. Butcher, supra***. Instead, Plaintiffs have merely pointed out a number of remarks made by defense counsel during closing argument which, after reviewing the transcript, they feel *might* have misled the jury in their deliberations, but which did not so bother them to the point of actually objecting to the remarks at trial when they had ample opportunity to voice their displeasure during or after the time allotted for arguments. Because Plaintiffs failed to object at trial, and because the Court's review of the

transcript reveals no statements made by defense counsel that were clearly prejudicial or improper to require either the Court's intervention at trial, a new trial, or relief from judgment, Plaintiffs' motions for new trial and relief from judgment are denied.

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiffs' motions for a new trial and for relief from judgment are **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiffs' motion for a hearing on these motions is **DENIED.**

Signed: April 16, 2007

Lacy H. Thornburg
United States District Judge